UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SCOTT E. BELL                                                               PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:18-cv-102-KS-MTP

CITY OF COLUMBIA; COLUMBIA                                   {formerly civil cause no.
POLICE DEPARTMENT; CHIEF MIKE                               18cv133AM}
COOPER; OFFICER ADAM KELLY AND
UNKNOWN DEFENDANTS ABC AND XYZ                              DEFENDANTS

## DEFENDANTS' NOTICE OF REMOVAL

Defendant City of Columbia (sometimes referred to as "City"), joined herein by the defendants, Columbia

Police Department, Chief Mike Cooper, and Officer Adam Kelly, (sometimes referred to collectively as

"defendants"), all of whom are represented by counsel signing herein, pursuant to 28 U.S.C. § 1446 and 28 U.S.C. §

1441(a), file this Notice of Removal containing a short and plain statement of the facts which entitle it to removal,

and in support thereof alleges:

1.      The above-styled case was commenced on April 19, 2018, in the Circuit Court of Marion County,

Mississippi, Cause No. 18cv133 AM.

2.      The City was served with the Summons and Complaint on May 18, 2018.  The Columbia Police

Department was served on May 18, 2018.  Chief Mike Cooper was served on May 22, 2018, and Officer Adam

Kelly was served on May 13, 2018.  As such, this Notice of Removal is timely filed by the City of Columbia, joined

by the Columbia Police Department, Chief of Police Cooper, and Officer Adam Kelly, who consent to this Notice of

Removal, and therefore satisfies the provisions of 28 U.S.C. § 1446(b).

3.      The plaintiff is a resident of Marion County, Mississippi, and within the Eastern Division of

the Southern District of Mississippi.

4.      The City is an incorporated municipality and a political subdivision of the State of Mississippi,

which has a police department (Columbia Police Department).  The other named defendants, Chief Mike Cooper and

Officer Adam Kelly, were employed by the City as Chief of Police and Patrol Officer, respectively, during the

relevant time period.

5.      The Circuit Court of Marion County, Mississippi, is located within the Southern District of

Mississippi, Eastern Division.  See 28 U.S.C. § 1441(a).

6.      Venue is proper in this Court.

7.      This Court has jurisdiction of this matter. Jurisdiction is founded on the basis that the plaintiff has pleaded a federal cause of action under 42 U.S.C. § 1983, as well as under the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment of the Constitution of the United States of America arising out of his arrest on or about October 24, 2017.  See Complaint at ¶¶ 10-12, 14-19, 21, and 28-37.  The crux of the plaintiff's complaint is that "excessive force" was used against him in the course of his arrest.  See Complaint at ¶ 11.  Indeed, the plaintiff has specifically referred to 42 U.S.C. § 1983 and rights guaranteed under the Constitution of the United States of America in virtually every paragraph of his complaint, except Count III, which relates to state law claims, and even here, he incorporates these allegations into Count III.  See Complaint at ¶ 38.  Thus, under 42 U.S.C. § 1441(a), this action is removable to federal court as one on which the "district courts of the United States have original jurisdiction." 42 U.S.C. § 1441(a).  28 U.S.C. § 1331 sets forth the actions over which the federal courts have original jurisdiction, stating, "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331.  Under the **well-pleaded complaint rule**, the plaintiff has pleaded a federal cause of action by raising substantial and primary issues of federal law.

8.      By filing this Notice of Removal, the City, as well as the defendants joining in and consenting to the removal, do not waive and further reserves the right to later assert any objections to service or any other defenses or objections to the action in the Circuit Court of Marion County, Mississippi, or to this action as removed.

9.      The City, by virtue of its incorporation under the laws of the State of Mississippi and in compliance with its statutory obligations, maintains and funds a police department.  The police department, among other things, enforces local ordinances and the laws of the State of Mississippi.  The plaintiff's arrest arises out of those "police" functions.  The crux of the plaintiff's complaint is that excessive force was used against him in violation of federal laws by an officer of the City's police department.  See Complaint at ¶¶ 10 - 12.

10.  In the case of *Pace v. Hunt,* 847 F. Supp. 508 (S.D. Miss. 1994), the court held,

> The Court finds that removal of this case to federal court was entirely proper,
> and the case should not be remanded to state court.  28 U.S.C. § 1441 governs
> the removal of cases from state to federal court:
>
> > Except as otherwise expressly provided by Act of Congress,
> > any civil action brought in a State court *of which the district*

2

*courts of the United States have **original jurisdiction,** may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*

28 U.S.C. § 1441(a) (emphasis added), 28 U.S.C. § 1331 sets forth the actions over which federal district courts have **original jurisdiction**: "all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, from a plain reading of these two statutes, this action brought in part under **42 U.S.C. § 1983**, is a case arising under the laws of the United States, for which this Court has **original jurisdiction**. The case law supports such a reading of the statute." *Pace*, 847 F. Supp. at 509, ¶ 2.

11.        The 5ᵗʰ Circuit has specifically addressed the right of removal for a 42 U.S.C. § 1983 claim. In the

case of *Quinn v. Guerrero*, 863 F.3d 353 (5ᵗʰ Cir. 2017), the plaintiff, after initially filing a complaint alleging only

state law claims, amended his complaint to assert a claim under 42 U.S.C. § 1983. The 5ᵗʰ Circuit affirmed the

defendant's right to remove the case to federal court after the amended complaint asserted federal question claims.

The court stated,

Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states. *Arbaugh v. Y& H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Because the plaintiffs here are all Texas domiciliaries, removal jurisdiction must be based on a federal question. The plaintiff's federal question must appear on the face of his well-pleaded complaint. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5ᵗʰ Cir. 2008). The plaintiff need not specifically cite a federal provision such as Section 1983, *Johnson v City of Shelby*, ____ U.S. ____, 135 S.Ct. 346, 346-47, 190 L.Ed.2d 309 (2014) (per curiam), but he must allege facts sufficient to establish a colorable issue of federal law, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "[T]he plaintiff [is] the master of the claim," so he may confine his arguments to those arising under state law even if federal claims are available. *Id.* At 392, 107 S.Ct. 2425. If he so chooses, there is no basis for federal jurisdiction. *Id.* Further, anticipation of a federal defense is insufficient to establish federal-question jurisdiction. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5ᵗʰ Cir. 2008).

If an action brought in state court could have been brought in federal court originally, the defendant may remove the case to federal district court. 28 U.S.C. § 1441(a). Ordinarily, the defendant may remove within 30 days of receiving a pleading showing the case is removable. *Id.* § 1446(b). If the case is not initially removable, the defendant may remove within 30 days after receipt of a pleading that shows the case has become removable. *Id.*

...

In response to the defendants' special exceptions the state court ordered Quinn to replead any federal claims he may wish to allege. Quinn then amended his

3

petition to include claims arising under federal law, including violations of Section 1983. The defendants removed the case less than 30 days later. Removal was thus proper, and the district court did not err in denying Quinn's motion to remand. *Quinn v. Guerrero*, 863 F.3d 358-359

12.   A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Marion County, Mississippi, pursuant to the requirements of 28 U.S.C. § 1446(d) and is being served upon counsel for the plaintiff.

13.   **The defendants, City of Columbia, Columbia Police Department, Chief Mike Cooper, and Officer Adam Kelly, are all represented by counsel herein, and defendants, City of Columbia, Columbia Police Department, Chief Mike Cooper, and Officer Adam Kelly, specifically consent to and join in this Notice of Removal in its entirety as if they had asserted each and every paragraph herein independently.**

14.   Attached hereto and made a part hereof by reference are copies of the following documents:

a.    **Exhibit A -** The original Complaint filed by the plaintiff in the Circuit Court of Marion County Mississippi, together with the Summons and all other items in the State Court file.

WHEREFORE, Defendant, City of Columbia, joined by the Columbia Police Department, Chief Mike Cooper, and Officer Adam Kelly, who consent to this Notice of Removal, respectfully request that removal of this action to the United States District Court for the Southern District of Mississippi, Eastern Division, be hereby effected and that this Court take jurisdiction of this action.

Respectfully submitted,

CITY OF COLUMBIA, COLUMBIA POLICE DEPARTMENT, CHIEF MIKE COOPER, AND OFFICER ADAM KELLY, DEFENDANTS

By: *Lawrence E Hahn*

Lawrence E. Hahn

Lawrence E. Hahn, MSB No. 8954
McNeese & Hahn, PLLC
P. O. Drawer 948
338 Church Street
Columbia, MS 39429
(601) 731-5020
(601) 731-5030 (fax)

4

## CERTIFICATE OF SERVICE

I, Lawrence E. Hahn, attorney for the defendants, do hereby certify that I have this day *electronically filed* the above and foregoing document with the *CM/ECF* system and provided copies of same via electronic filing and by United States Mail, postage prepaid, to the following counsel:

> Joseph L. Turney, Esquire, Attorney for Plaintiff
> Joseph L. Turney, PLLC
> 716 Main Street
> Columbia, MS 39429
> josephlturneyatt@bellsouth.net

DATED, this the 8th day of June, 2018.

Lawrence E. Hahn