UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SCOTT E. BELL                                                                            PLAINTIFF

VS.                                                              CIVIL ACTION NO. 2:18-cv-102-KS-MTP

CITY OF COLUMBIA; COLUMBIA
POLICE DEPARTMENT; CHIEF MIKE
COOPER; OFFICER ADAM KELLY AND
UNKNOWN DEFENDANTS ABC AND XYZ                                   DEFENDANTS

## ANSWER AND DEFENSES

COME NOW, City of Columbia; Columbia Police Department; Chief Mike Cooper; and Officer Adam Kelly, the defendants herein, by and through counsel, and first asserting all available defenses pursuant to Fed. R. Civ. P. 12(b)(6), submit this, their Answer and Defenses, in the above styled and numbered cause, in response to the Complaint filed herein against them, as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action against these answering defendants upon which relief may be granted and should, accordingly, be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### SECOND DEFENSE

And now, for further answer to the Complaint, responding in correspondingly numbered paragraphs, the defendants would show:

### I. PARTIES

1.      These answering defendants admit the plaintiff's averments contained in paragraph 1 of his Complaint, upon information and belief.

2. These answering defendants admit only that the City of Columbia may be served with process by serving its Clerk, Donna McKenzie; however, all remaining averments contained in paragraph 2 of the plaintiff's Complaint are denied.

3. These answering defendants deny the plaintiff's averments contained in paragraph 3 of the plaintiff's Complaint.

4. These answering defendants admit only that Chief Mike Cooper is the former Chief of the Columbia Police Department; therefore, all remaining averments contained in paragraph 4 of the plaintiff's Complaint are denied.

5. These answering defendants admit only that Officer Adam Kelly was an Officer with the Columbia Police Department during the time period complained of; therefore, all remaining averments contained in paragraph 5 of the plaintiff's Complaint are denied.

6. Paragraph 6 of the plaintiff's Complaint does not appear to be directed toward these answering defendants; therefore, no response is required. To the extent an answer is required from these answering defendants, they are without knowledge or information sufficient to form a belief as to the truth of the plaintiff's averments contained in paragraph 6 of his Complaint; therefore, for purpose of answer, the same are denied.

## II. JURISDICTION AND VENUE

7. These answering defendants deny the plaintiff's averments contained in paragraph 7 of his Complaint.

8. These answering defendants deny the plaintiff's averments contained in paragraph 8 of his Complaint.

9. These answering defendants deny the plaintiff's averments contained in paragraph 9 of his Complaint.

### III. BACKGROUND

10. These answering defendants admit only that on or about October 24, 2017, the plaintiff was traveling on North Park Avenue within the city limits of the City of Columbia and was pulled over by Officer Adam Kelly, who was using his emergency lights; that the plaintiff had a dog in his truck; that the plaintiff was placed in a patrol vehicle and transported to Marion General Hospital; that Officer Kelly had to borrow handcuffs from another officer due to the plaintiff's unlawful and unwarranted resistance to being handcuffed by Officer Kelly, which resulted in Officer Kelly not being able to immediately locate his handcuffs; and that based upon information and belief, the plaintiff's dog was turned over to Animal Control and his truck towed. All remaining averments contained in paragraph 10 of his Complaint which are not specifically admitted are denied. Without waiving the general denial of all remaining averments contained in paragraph 10 of the plaintiff's Complaint, it is further specifically denied that on the occasion complained of, the plaintiff was traveling at a speed well below the speed limit and cautiously avoiding significant potholes and related debris; that Officer Kelly's first verbal contact with the plaintiff was in an escalated and agitated tone; that Officer Kelly slung open the plaintiff's door, using profanity; that the plaintiff complied with Officer Kelly; that Officer Kelly struck the plaintiff in his left eye as he unbuckled his lap belt; that the plaintiff did not struggle or resist Officer Kelly; and that the plaintiff did not behave in a manner indicating no intention to struggle or resist Officer Kelly. It is further specifically denied that Officer Kelly acted in any

manner in violation of the plaintiff's constitutional rights or in any manner that violated any law, state, federal, or local.

11. These answering defendants deny the plaintiff's averments contained in paragraph 11 of his Complaint.

## CAUSES OF ACTION

12. These answering defendants deny the plaintiff's averments contained in paragraph 12 of his Complaint.

13. These answering defendants deny the plaintiff's averments contained in paragraph 13 of his Complaint.

14. These answering defendants deny the plaintiff's averments contained in paragraph 14 of his Complaint.

15. These answering defendants deny the plaintiff's averments contained in paragraph 15 of his Complaint.

16. These answering defendants deny the plaintiff's averments contained in paragraph 16 of his Complaint.

17. These answering defendants deny the plaintiff's averments contained in paragraph 17 of his Complaint, including, but not limited to, subparts a, b, c, d, and e.

18. These answering defendants deny the plaintiff's averments contained in paragraph 18 of his Complaint.

19. These answering defendants deny the plaintiff's averments contained in paragraph 19 of his Complaint..

## COUNT I

### Liability of Officer Kelly, Chief Cooper, and CPD

20. These answering defendants admit only that Officer Kelly and officers of the Columbia Police Department were at all times during the occasion complained of acting within the course and scope of their employment with the Columbia Police Department. All remaining averments contained in paragraph 20 of the plaintiff's Complaint are denied, and it is specifically denied that Officer Kelly beat Mr. Bell, and that Mr. Bell's arrest and detainment were improper.

21. These answering defendants deny the plaintiff's averments contained in paragraph 21 of his Complaint.

22. These answering defendants deny the plaintiff's averments contained in paragraph 22 of his Complaint.

23. These answering defendants deny the plaintiff's averments contained in paragraph 23 of his Complaint.

24. These answering defendants deny the plaintiff's averments contained in paragraph 24 of his Complaint.

25. These answering defendants deny the plaintiff's averments contained in paragraph 25 of his Complaint.

26. These answering defendants deny the plaintiff's averments contained in paragraph 26 of his Complaint.

27. These answering defendants deny the plaintiff's averments contained in paragraph 27 of his Complaint.

## COUNT II

### City and CPD Liability under Section 1983

28. Paragraph 28 of the plaintiff's Complaint appears to state a legal conclusion which requires no response from these defendants. To the extent a response is required, these answering defendants would admit that the City of Columbia and the Columbia Police Department, which is part of the City of Columbia, are final policy makers with respect to the City's law enforcement. The remaining averments contained under paragraph 28 of the plaintiff's Complaint are denied. Any and all averments of wrongdoing are specifically denied.

29. These answering defendants deny the plaintiff's averments contained in paragraph 29 of his Complaint.

30. These answering defendants deny the plaintiff's averments contained in paragraph 30 of his Complaint.

31. These answering defendants deny the plaintiff's averments contained in paragraph 31 of his Complaint.

32. These answering defendants deny the plaintiff's averments contained in paragraph 32 of his Complaint.

33. These answering defendants deny the plaintiff's averments contained in paragraph 33 of his Complaint.

34. These answering defendants deny the plaintiff's averments contained in paragraph 34 of his Complaint.

35. These answering defendants deny the plaintiff's averments contained in paragraph 35 of his Complaint.

36. These answering defendants deny the plaintiff's averments contained in paragraph 36 of his Complaint.

37. These answering defendants deny the plaintiff's averments contained in paragraph 36 of his Complaint.

## COUNT III

### State Law Claims

38. These answering defendants hereby incorporate by reference and re-allege the foregoing responses to allegations of paragraphs 1-38 of the plaintiff's Complaint.

39. These answering defendants deny the plaintiff's averments contained in paragraph 39 of his Complaint.

40. These answering defendants deny the plaintiff's averments contained in paragraph 40 of his Complaint.

41. These answering defendants deny the plaintiff's averments contained in paragraph 41 of his Complaint.

42. These answering defendants deny the plaintiff's averments contained in paragraph 42 of his Complaint.

43. These answering defendants deny the plaintiff's averments contained in paragraph 43 of his Complaint.

44. These answering defendants deny the plaintiff's averments contained in paragraph 44 of his Complaint.

45. These answering defendants deny the plaintiff's averments contained in paragraph 45 of his Complaint.

46. These answering defendants deny the plaintiff's averments contained in paragraph 46 of his Complaint.

47. These answering defendants deny the plaintiff's averments contained in paragraph 47 of his Complaint.

48. These answering defendants deny the plaintiff's averments contained in paragraph 48 of his Complaint.

49. These answering defendants deny the plaintiff's averments contained in paragraph 49 of his Complaint.

50. These answering defendants deny the plaintiff's averments contained in paragraph 50 of his Complaint.

The last unnumbered paragraph of the plaintiff's Complaint, beginning with the words "WHEREFORE, PREMISES CONSIDERED" and ending with the words "to which Plaintiff may show himself justly entitled," is denied, and it is denied that the plaintiff is entitled to any judgment against these answering defendants for any reason whatsoever, and it is further denied that the plaintiff is entitled to any amount of money from these answering defendants for any reason whatsoever.

## THIRD DEFENSE

And now, for further answer to the Complaint and without waiving any other defense here or elsewhere asserted, these answering defendants affirmatively state:

1. These answering defendants affirmatively state that the affirmative defenses contained in the above and foregoing Answer are incorporated herein and made a part of this defense by reference thereto.

2. These answering defendants affirmatively state that they are entitled to all defenses available to them as set forth in Rules 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure as same may be justified or applicable.

3. These answering defendants are entitled to and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

4. These answering defendants affirmatively state that the plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

5. These answering defendants would affirmatively state that at all times, they acted in good faith and reliance upon the laws in existence at the time and are entitled to qualified immunity or absolute immunity.

6. These answering defendants affirmatively plead contributory negligence.

7. These answering defendants would affirmatively state that at all times complained of, the plaintiff was guilty of affirmative conduct proximately causing his alleged harms and, accordingly, any recovery herein must be reduced under the applicable principles of comparative negligence or comparative fault or if established to be the sole contributing proximate cause bars his recovery entirely.

8. These answering defendants affirmatively plead all immunities available to them and assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law.

9. These answering defendants would affirmatively state that at all times complained of, they acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, with probable cause, without injurious intent, without

evil motive, and are guilty of no wrongful or tortious conduct.

10. These answering defendants would affirmatively state that the plaintiff is not entitled to punitive damages and further would affirmatively plead:

    a. An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

    b. No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded.

    c. An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

    d. The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the 5th and 14th amendments to the United States Constitution.

    e. An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th amendment to the United States Constitution and of Section 28 of the Mississippi Constitution.

    f. An award of punitive damages in this civil action would violate the equal protection provisions of the 14th amendment in that such a sanction is

      discriminatory and arbitrary in penalizing defendants on the basis of assets;

  g. To the extent that defendants are subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt," and punitive damages should not be awarded without affording defendants the full range of criminal procedure safeguards by the 4th, 5th and 6th amendments to the United States Constitution.

  h. An award of punitive damages would violate Article 1, Section X of the United States Constitution.

  i. The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

11. These answering defendants would affirmatively state that the plaintiff has suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law and has not pled violation of any clearly established law or right.

12. These answering defendants would affirmatively state that no custom, policy or practice attributable to these defendants proximately caused any harm to the plaintiff. These answering defendants would also affirmatively state that no custom, policy or practice evinced or was maintained with deliberate or willful indifference. Additionally and/or alternatively, these answering defendants would further allege that any damage, loss or deprivation to plaintiff, if

any, was not proximately caused by any official policy, practice or custom of the defendants or of the City of Columbia, Mississippi. Plaintiff's alleged loss, damage or deprivation, the same being denied, was not the proximate result of the execution of any governmental policy, custom or practice attributable to these defendants or to the City of Columbia, Mississippi.

13. These answering defendants would affirmatively state that the factual allegations of the plaintiff's Complaint and the conduct complained of do not violate any clearly established law or right, including, but not limited to, any clearly established statutory or constitutional law or rights of the plaintiff determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these defendants are not guilty of any deliberate abuse of inherently governmental power but rather had probable cause and lawful justification for all actions undertaken by them to the extent of their involvement.

14. These answering defendants would affirmatively state that they are not liable to the plaintiff pursuant to 42 U.S.C. § 1988 as plaintiff is not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983. These answering defendants further affirmatively state that these answering defendants are entitled to attorneys fees pursuant to 42 U.S.C. § 1988, or otherwise, on the basis that plaintiff's claims are unreasonable, groundless, and in bad faith.

15. These answering defendants would affirmatively state that they acted reasonably and prudently in the exercise of legitimate and lawful justification, and, further, their conduct was performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1993, and, further, the plaintiff has suffered no serious injury, and his allegations do not rise to the level of a constitutional tort.

16. These answering defendants would affirmatively plead Miss. Code Ann. § 85-5-7 and state that the plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions or those of persons for whom these answering defendants are neither liable nor responsible.

17. These answering defendants affirmatively plead Miss. Code Ann. § 11-1-65.

18. These answering defendants would affirmatively state that they cannot be held liable for damages on the principles of agency or respondeat superior for the actions or omissions of any person stated in the Complaint.

19. These answering defendants would affirmatively state that they and their employees were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

20. These answering defendants would affirmatively state that they are not guilty of conduct amounting to deliberate indifference to the rights or needs of the plaintiff.

21. These answering defendants would affirmatively state that the plaintiff's alleged injuries were unforeseeable and caused by persons, forces, or entities for which the defendants are neither liable or responsible, and such were the result of intervening, superseding causes.

22. All acts done by the employees of the City of Columbia, including, but not limited to, the City of Columbia Police Department, were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that their conduct was lawful, reasonable, and appropriate under the circumstances.

23. These answering defendants would affirmatively state that they have not violated

the equal rights of the plaintiff under the law pursuant to 42 U.S.C. § 1981.

24. These answering defendants affirmatively state that the plaintiff has failed to join a party under Rule 19 in conformity with Rule 12(b)(7) of the Federal Rules of Civil Procedure.

25. The City of Columbia invokes the doctrine of sovereign immunity.

26. These answering defendants affirmatively state that they have breached no duty owed to the plaintiff in any respect whatsoever.

27. These answering defendants would affirmatively state that the facts having not been fully developed, these answering defendants reserve the right to plead such further affirmative defenses to which they might become entitled.

28. These answering defendants would affirmatively state that the accident complained of was the result of superseding and intervening acts for which these answering defendants are not liable.

29. The acts complained of did not violate any clearly established rights which a reasonable person would have known.

30. These answering defendants affirmatively assert and invoke all defenses and rights available to them and set forth in Miss. Code Ann. §11-46-1, *et seq.*, including, but not limited to, §11-46-7, §11-46-9, §11-46-11, §11-46-13, and §11-46-15 (1972), and affirmatively state that they cannot be held liable herein for damages under principles of agency or respondeat superior for the actions or omissions of any other party herein.

31. These answering defendants would affirmatively plead all applicable statutes of limitations and would affirmatively plead that the plaintiff's Complaint is barred by the applicable statutes of limitations, including, but not limited to, § 15-1-49, Miss. Code Ann.,

1972, as amended, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, assumption of risk, accord and satisfaction, lack of standing, release, and/or estoppel.

32. These answering defendants would affirmatively state that the plaintiff's averments do not rise to the level of a violation of a constitutional right; therefore, plaintiff's allegations of threats made against him do not state a cause of action under 42 U.S.C. § 1983, or any other federal statute.

33. These answering defendants would affirmatively state that the plaintiff lacks standing to bring this civil action.

34. These answering defendants affirmatively plead all abstention doctrines which may be applicable to this civil action.

35. All acts done by the employees of the City of Columbia were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that conduct was lawful, reasonable, and appropriate under the circumstances.

36. These answering defendants affirmatively plead Rule 4(m) of the Federal Rules of Civil Procedure.

37. These answering defendants would affirmatively plead Rule 4(l) of the Federal Rules of Civil Procedure.

38. These answering defendants would affirmatively state that the plaintiff failed to adequately comply with the provisions of the Mississippi Tort Claims Act, Mississippi Code Annotated §11-46-1, *et seq*, including, but not limited to, the notice provisions of Mississippi Code Annotated §11-46-11.

39. These answering defendants would assert that the plaintiff has not alleged any claim against Chief of Police Mike Cooper and Officer Adam Kelly in their individual capacities, and, as such, all matters complained of are in their official capacities as law enforcement officers with the City of Columbia, Mississippi.

40. These answering defendants would affirmatively state that the City of Columbia and its employees, including, but not limited to, the defendants Cooper and Kelly, were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

41. All acts done by the Columbia Police Department officers were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that conduct was lawful, reasonable, and appropriate under the circumstances.

42. These answering defendants would affirmatively state that the plaintiff is not entitled to a jury trial on state law claims as against these defendants and move the Court to strike any such demand for jury trial, and, further, to bifurcate the trial of state law claims from federal law claims.

43. These answering defendants would affirmatively state that during the time period complained of, the plaintiff was engaged in criminal activity.

44. These answering defendants affirmatively plead that Chief of Police Mike Cooper and Officer Adam Kelly are entitled to qualified immunity on state and federal legal grounds.

45. These answering defendants affirmatively state that the plaintiff resisted a lawful

stop, refused to obey lawful commands of Officer Kelly, resisted a lawful detention and arrest, and the defendants reserve the right to allege such further wrongful conduct of the plaintiff as may become known during the investigation and discovery of this matter.

46.     These answering defendants affirmatively state that the plaintiff suffered from pre-existing medical conditions for which these answering defendants are not liable.

Respectfully submitted,

CITY OF COLUMBIA, COLUMBIA POLICE DEPARTMENT, CHIEF MIKE COOPER, AND OFFICER ADAM KELLY, DEFENDANTS

By: _____
Lawrence E. Hahn

Lawrence E. Hahn, MSB No. 8954
McNeese & Hahn, PLLC
P. O. Drawer 948
338 Church Street
Columbia, MS 39429
(601) 731-5020
(601) 731-5030 (fax)

## CERTIFICATE OF SERVICE

I, Lawrence E. Hahn, attorney for the defendants, do hereby certify that I have this day *electronically filed* the above and foregoing document with the *CM/ECF* system and provided copies of same via electronic filing to the following counsel:

> Joseph L. Turney, Esquire, Attorney for Plaintiff
> Joseph L. Turney, PLLC
> 716 Main Street
> Columbia, MS 39429
> josephlturneyatt@bellsouth.net

DATED, this the 15th day of June, 2018.

_____
Lawrence E. Hahn