UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SCOTT E. BELL                                                                PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:18-cv-102-KS-MTP

CITY OF COLUMBIA; COLUMBIA
POLICE DEPARTMENT; CHIEF MIKE
COOPER; OFFICER ADAM KELLY AND
UNKNOWN DEFENDANTS ABC AND XYZ                  DEFENDANTS

## DEFENDANTS CHIEF MIKE COOPER AND OFFICER ADAM KELLY'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

COME NOW, Chief Mike Cooper ("Chief Cooper") and Officer Adam Kelly ("Officer Kelly"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Memorandum of Authorities in Support of Judgment on the Pleadings Based on Qualified Immunity, as follows:

### INTRODUCTION

Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Officer Kelly in his individual capacity and has failed to plead a factual basis for any federal claim against Chief Cooper in his individual capacity. Accordingly, the claims against Chief Cooper and Officer Kelly should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard, or in the alternative, allow the parties to conduct limited discovery on the qualified immunity issue. During the interim, this case should be stayed pursuant to Rule 16(b)(3).

# FACTUAL BACKGROUND

According to the Plaintiff's Complaint, he was stopped while driving his vehicle by Officer Kelly on October 24, 2017, and following a confrontation with Officer Kelly, he was placed under arrest for resisting arrest, disorderly conduct - failure to comply and reckless driving. [CM/ECF Doc. No. 1-2]. The plaintiff states that he was driving "at a speed well below the speed limit and cautiously avoiding the significant potholes and related debris in an effort to avoid damage to his vehicle." [CM/ECF Doc. No. 1-2]. This allegation by the Plaintiff is an admission of his driving recklessly and establishing the basis for Officer Kelly to pull him over.

In his Complaint, the Plaintiff goes on to allege, "The Officer turned on his high beams and search light as he got out of his car and approached Mr. Bell's vehicle. The Officer's first verbal contact with Mr. Bell was already in an escalated and agitated tone as he accused Mr. Bell of driving recklessly. Mr. Bell responded in explanation that he was trying to avoid the potholes that existed due to lack of proper maintenance. Mr. Bell asked the Officer if the high beams were necessary as they were reflecting off his mirrors and blinding him. The Officer in response, slung open Mr. Bell's truck door using profanity and commanding Mr. Bell get out of his vehicle and Mr. Bell acknowledged he would comply, but that the Officer did not have to be rough with his vehicle. Mr. Bell proceeded to unbuckle the lap belt and exit his vehicle when he was struck by the Officer blind-sightedly in his left eye. Mr. Bell does not know what the officer struck him with as he did not see the strike coming. At no time did Mr. Bell attempt to struggle or resist the officer and in no way behaved in a manner that would suggest he intended to do so." [CM/ECF Doc. No. 1-2].

The Plaintiff essentially admits in his Complaint that he was annoyed by Officer Kelly's "high beams and search light," that he was driving recklessly by complaining about the road, and that he verbally confronted Officer Kelly about the "high beams and search light." The Plaintiff is, however, overly vague as to his assertion of complying with getting out of his vehicle, while at the same time complaining about the treatment of his vehicle by Officer Kelly, and how this led to being struck by Officer Kelly when he was "exit[ing] his vehicle." [CM/ECF Doc. No. 1-2]. The Plaintiff does not mention what actions occurred between him and Officer Kelly as he was exiting his vehicle. The plaintiff does not explain how he was hit by Officer Kelly, nor why he did not see Officer Kelly's actions.

There are no allegations specifically lodged against Chief Cooper as to any direct and individual action taken against the Plaintiff in the course of his being stopped and placed under arrest.

**ARGUMENT**

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 753 (5th Cir.) 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton,* 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); see also *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in *Saucier* is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* At 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good faith performance of their duties." *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. *See Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); see also L.U.CivR. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment*

4

*Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; see also *Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone; *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff's Complaint does not meet the heightened pleading standard.

Here, Plaintiff has failed to meet the heightened pleading standard. Although he has alleged that Officer Kelly used excessive force, the Complaint fails to delineate all the necessary and relevant facts and circumstances surrounding the alleged use of force. Accordingly, the Plaintiff's claims are barred by qualified immunity.

To prevail on an excessive force claim, Plaintiff must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Circ. 2007. The Supreme Court discussed claims of excessive force in both *Graham v. Connor*, 490 U.S. 386 (1989), and *Saucier v. Katz*, 533 U.S. 194 (2001), and firmly established that courts are to examine the objective reasonableness of the officer's actions **not with the benefit of**

**hindsight** but in light of the "on-scene perspective" of the officer. *Saucier,* 533 U.S. at 205 (citing *Graham*, 490 U.S at 393, 396, 397)(emphasis added).

To judge objective reasonableness under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Courts must "pay' careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he [was actively resisting arrest or attempting to evade arrest by flight." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir. 1998). As the Supreme Court recognized in *Saucier,* "[a]n officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205. "Qualified immunity operates . . . to protect officers from the sometimes 'hazy border between excessive and acceptable force,' and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Arshad v. Congemi*, 2009 U.S. App. LEXIS 4792, 14-15 (5th Cr. 2009)(quoting, *Saucier,* 533 U.S. at 206).

Whether the force utilized is excessive to the need and is unreasonable is measured in objective terms, by examining the totality of the circumstances. *Peterson v. City of Fort Worth,*

6

*Tex.*, 588 F.3d 838, 844 (5th Cir. 2009). A determination of excessive force is made "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 846. The objective reasonableness of the force depends on the facts and circumstances of the case. *Collier v. Montgomery*, 569 F.3d 214, 218-219 (5th Circ. 2009). The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

In the present case, Plaintiff's Complaint fails to state the factual allegations specifying how or why Officer Kelly used excessive force on him. Essentially, the Plaintiff only states conclusory allegations. The Plaintiff provides no details as to what occurred between his allegation of complying with Officer Kelly while arguing about his high beams and security light, as well as the treatment of his vehicle, and being struck "blind-sightedly." The Plaintiff does not explain where he was when allegedly struck, what he was doing when he was struck, what Officer Kelly was doing at the same time, how he was struck, or any other specific facts about the incident. The Plaintiff's statement that he, "At no time did Mr. Bell attempt to struggle or resist the officer and in no way behaved in a manner that would suggest he intended to do so." rings hollow since he admits to arguing with Officer Kelly during the whole period of their encounter. It is impossible for the Court to understand the nature of the threat, whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight without more specificity from the Plaintiff.

The Plaintiff's allegations are insufficient to allow the Court to make a determination of the second prong of the qualified immunity test - whether or not Officer Kelly's alleged use of

force on Plaintiff was objectively reasonable under the circumstances. The Complaint is simply incomplete as to the Plaintiff's conduct during the encounter, especially what occurred as he exited the vehicle. The plaintiff has failed to prove facts to suggest that Officer Kelly's conduct was objectively unreasonable under the circumstances. Furthermore, there are no facts asserted to suggest that Chief Cooper's conduct was objectively unreasonable under the circumstances.

The Plaintiff's allegations of excessive force are conclusory in nature. They lack the prerequisite specificity to allege a constitutional claim and to defeat qualified immunity. Accordingly, any claims against Chief Cooper and Officer Kelly in their individual capacity should be dismissed, or in the alternative, the Court should require Plaintiff to submit to a *Schultea* Reply, or in the alternative, the Court should allow only limited discovery to ascertain the facts so as to allow the qualified immunity defense to be considered before the burden of full litigation.

**DATE:** **August 7, 2018.**

Respectfully submitted,

CHIEF MIKE COOPER AND
OFFICER ADAM KELLY

By: _/s/ Lawrence E. Hahn_
Lawrence E. Hahn

Lawrence E. Hahn, MSB No. 8954
McNeese & Hahn, PLLC
P. O. Drawer 948
338 Church Street
Columbia, MS 39429
(601) 731-5020
(601) 731-5030 (fax)

**CERTIFICATE OF SERVICE**

I, Lawrence E. Hahn, attorney for the defendants, do hereby certify that I have this day *electronically filed* the above and foregoing document with the *CM/ECF* system and provided copies of same via electronic filing and by United States Mail, postage prepaid, to the following counsel:

    Joseph L. Turney, Esquire, Attorney for Plaintiff
    Joseph L. Turney, PLLC
    716 Main Street
    Columbia, MS 39429
    josephlturneyatt@bellsouth.net

DATED, this the 7th day of August, 2018.

                                                      _/s/ Lawrence E. Hahn_
                                                      Lawrence E. Hahn